# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ALONZO TRAVIS LOVER,

*Defendant.*

Criminal Action No. 1:24-cr-0193 (CJN)

## **ORDER**

For the reasons stated during the November 19, 2024 status conference, and due to Mr. Lover's erratic behavior at that conference, the Court finds that there is reasonable cause to believe that a mental competency examination of Mr. Lover is warranted. It is therefore **ORDERED** that Mr. Lover be committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4247(b) for a period not to exceed 30 days for placement in a suitable facility for a competency examination. The examination shall be conducted by a licensed or certified psychiatrist and/or psychologist, or more than one such examiner. A report shall be prepared by the examiner, and shall be filed under seal with the Court with copies provided to counsel for the defendant and to the attorney for the government. The report shall include:

(1) The defendant's history and any present mental health symptoms relevant to his legal competency;

(2) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) The examiner's findings;

(4) The examiner's opinions as to diagnosis and prognosis; and

(5) Whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is further **ORDERED** that the United States Marshal shall transport Mr. Lover to a designated facility for the examination.

It is further **ORDERED** that, until such time as Mr. Lover is found competent to stand trial, any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" will be excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) in computing time for all purposes and calculations under the Speedy Trial Act.

It is further **ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(1)(F), ten days delay resulting from Mr. Lover's transportation to and from the facility for purposes of the competency evaluation will be excluded from the time within which his trial must commence. Any delay resulting from the defendant's transportation between this district and the suitable facility for his examination in excess of ten days is presumptively unreasonable and not excluded under the Speedy Trial Act; accordingly, the Court requests that, given the restrictions of the Speedy Trial Act, the United States Marshals Service makes every effort to transfer Mr. Lover promptly and directly to and from the suitable facility, without intermediate stops or holdovers.

It is further **ORDERED** that, if possible, the parties shall appear for a competency hearing on January 22, 2025 at 2:00 p.m. in Courtroom 17.

**SO ORDERED**.

November 27, 2024

CARL J. NICHOLS  
United States District Judge